IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF ALORTON, A Village )<br>Corporation, MAYOR JOANN REED, )<br>Individually and in her official capacity, )<br>CHIEF DAVID M. CLARK, individually )<br>and in his official capacity, )<br>)<br>Defendants. ) | CASE NO.: 18-CV-00435<br><br>PLAINTIFF REQUESTS TRIAL BY JURY |

## COMPLAINT

The Plaintiff, LEON HUGHES, by his Attorney, Greg Roosevelt, for his Complaint against the Defendants, VILLAGE OF ALORTON, A Village Corporation, MAYOR JOANN REED, Individually and in her official capacity, and CHIEF DAVID M. CLARK, Individually and in his official capacity states as follows:

1. The Plaintiff, Leon Hughes, is a resident of St. Clair County, Illinois and is a citizen of the Southern District of Illinois.

2. Leon Hughes was employed as a police officer holding the rank of sergeant for the Village of Alorton located at 4821 Bond Avenue in Alorton, St. Clair County, Illinois.

3. The Village of Alorton is a Village Corporation located in St. Clair County, Illinois operating under the laws of the United States and the State of Illinois. Its principal place of business is 4821 Bond Avenue, Alorton, Illinois 62207 and the Village of Alorton is a citizen of the Southern District of Illinois.

4. At all relevant times Mayor JoAnn Reed herein "Mayor" was employed by Defendant, Village of Alorton. JoAnn Reed is sued individually and in her official capacity.

5. At all relevant times Defendant David M. Clark was the Chief of Police for the Village of Alorton and was responsible for the operation of the Alorton Police Department. David M. Clark is sued individually and in his official capacity.

6. Sergeant Leon Hughes was called to testify before a legal proceeding in state court in St. Clair County, Illinois and gave testimony in a legal proceeding.

7. Said testimony occurred on or about the 14th day of July, 2017.

8. Sergeant Leon Hughes returned to the Alorton Police Department after his testimony and found the department staff to be shunning him and non-communicative. Mayor JoAnn Reed, contrary to her past practice, had closed the door to her office and has not spoken with Sergeant Hughes since his testimony.

9. Other members of the Alorton Police Department and Village staff have refused to speak or acknowledge Sergeant Leon Hughes presence.

10. Sergeant Leon Hughes has reasonable cause to believe that the information in his testimony disclosed a violation or state or federal law, rule or regulation by certain officials of the Village of Alorton.

11. The retaliation against Hughes was immediate and pervasive. It extended over a prolonged period of time and became a pattern of conduct. Defendant Clark admitted that the Mayor was unhappy about Plaintiff's testimony to the Grand Jury and his demotion was inevitable.

12. Sergeant Hughes was demoted from the rank of sergeant on or about the 9th day of November, 2017 by action of the Mayor and Chief of Police.

13. Sergeant Hughes hours were cut and terms and conditions of employment were severely restricted, eventually being worked only two days a week. Sergeant Hughes suffered a

reduction in his pay resulting in lost wages and benefits.  All of these acts were done in retaliation and following his testimony before the Grand Jury.  Sergeant Hughes had faithfully performed his duties as a police sergeant.

## Count I
## Liberty Interest

The Plaintiff, LEON HUGHES, for Count I of his Complaint realleges paragraphs 1 through 13 of the Complaint, and for Count I further states:

14. The Plaintiff had a legitimate expectation of continued employment in the law enforcement field and had a liberty interest in that career.  The Plaintiff had worked for the Alorton Police Department previously gaining fulltime status and had been promoted to rank of Sergeant.

15. Plaintiff was then wrongfully demoted in retaliation for his testimony and report of Village official wrongdoing to a St. Clair County Grand Jury.

16. The Defendants then retaliated against Plaintiff demoting him and thus depriving the Plaintiff of his liberty interest in his continued employment as a fulltime police officer.  Defendants continuously denied Plaintiff work hours and openly told him he would never be fulltime or hold any rank due to his prior whistleblowing.  Plaintiff has served the Village as a law enforcement officer with distinction and now is being deprived by the Defendants of his liberty interest secured by the U.S. Constitution in pursuing his career in law enforcement administration with the Defendant Village.

17. Plaintiff's work hours have been cut to two days a week in further retaliation.

18. The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

WHEREFORE, the Plaintiff, LEON HUGHES, requests Judgment against the Defendants in an amount exceeding $300,000.

## Count II
## Whistleblower

The Plaintiff, LEON HUGHES, realleges paragraphs through 1 through 13 of the Complaint, paragraphs 14 through 18 of Count I, and for Count II further states:

19. The Plaintiff has suffered a direct series of actions in retaliation for his Grand Jury testimony in demotion, cut in work hours and pay, and the shunning by other employees in violation of 740 ILCS 174/1 et. seq.

20. The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

WHEREFORE the Plaintiffs seek judgment against the Defendants in an amount in excess of $300,000.

## Count III
## Intentional Infliction of Emotional Distress

The Plaintiff, LEON HUGHES, realleges paragraphs through 1 through 13 of the Complaint, paragraphs 14 through 18 of Count I, paragraphs 19 and 20 of Count II, and for Count III further states:

21. The Defendants knew or should have known that the series of harassing actions and retaliations against the Plaintiffs would or were likely to cause severe emotional distress. The Defendants knew the Plaintiffs were dependent upon his employment for his financial security. There was a disparity of power in the relationship between the Village Trustees and the Police Chief and Mayor and the Plaintiff. The Plaintiff suffered demotion for his testimony.

Plaintiff was fearful for his financial, security, professional career, and personal safety after the continued retaliation and actions undertaken by the Mayor, Trustees, and Police Chief. The City would have known or reasonably should have known that Plaintiff was under a great deal of pressure given the actions of retaliation and further retaliation would likely cause severe emotional distress.

22. The actions of the Defendants were part of a pattern of conduct which worsened the profound upset Plaintiff suffered.

23. The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

24. The Defendants knew they held disparate power over Plaintiff and could ruin his law enforcement career, deny him rank, deny him pay and retirement benefits.

25. The Defendants could not have reasonably believed their actions were justified in that the Illinois Whistleblower Act has made it against public policy in this State to retaliate against an employee who testifies t or reports wrongdoing to law enforcement.

WHEREFORE the Plaintiff seeks judgment against the Defendants in an amount in excess of $300,000.

Respectfully submitted,

/s/ Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160
618-692-9718 Fax
gregroosevelt@gmail.com